**HOFLAND & TOMSHECK**
Joshua Tomsheck, Esq.
Nevada Bar No. 009210
josht@hoflandlaw.com
228 S. Fourth Street, First Floor
Las Vegas, Nevada 89101
Telephone: (702) 895-6760
Facsimile: (702) 731-6910
*Attorney for Defendant*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JORGE RAUL FLORES,<br><br>Defendant. | Case No.  2:22-mj-533-DJA<br><br>ORDER to Continue Trial Date |

IT IS HEREBY STIPULATED AND AGREED, by and between Jason M. Frierson, United States Attorney, and Christopher Burton, Esq., Assistant United States Attorney, counsel for the United States of America, and Joshua Tomsheck, Esq. and Jason Carr, Esq., of HOFLAND & TOMSHECK, counsel for Defendant, Jorge Raul Flores, that the trial currently scheduled for December 28, 2022 at 9:00 a.m., in the above-captioned matter be vacated and continued to a date and time to be set by this Honorable Court, but no sooner than thirty (30) days.

/ / /

/ / /

/ / /

/ / /

This stipulation is entered into for the following reasons:

1. This is the first continuance request.

2. The parties are currently working towards negotiations to resolve the matter.

3. The defense will need additional time to complete discovery review.

4. The defendant is out of custody and does not object to this continuance.

5. Denial of this request for continuance would deny counsel for defendant sufficient time to be able to effectively and thoroughly prepare for trial, taking into account the exercise of due diligence.

6. Additionally, denial of this request for continuance could result in a miscarriage of justice.

7. The Speedy Trial Act does not apply to petty offenses. *Compare* 18 U.S.C. § 3161(a)( "In any case involving a defendant charged with an offense") *with* 18 U.S.C. § 3172(2) (defining "offense" as any federal criminal offense other than, inter alia, a Class B or C misdemeanor or infraction).

8. For the above stated reasons, the parties agree that a continuance of the Trial date would best serve the ends of justice in this case.

DATED this 20th day of December, 2022.

Respectfully submitted,

| | |
|---|---|
| HOFLAND & TOMSHECK | JASON M. FRIERSON<br>United States Attorney |
| */s/ Joshua Tomsheck*<br>JOSHUA TOMSHECK, ESQ.<br>Counsel for Defendant | */s/ Christopher Burton*<br>CHRISTOPHER BURTON, ESQ.<br>Assistant United States Attorney |

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>JORGE RAUL FLORES,<br><br>　　　　　Defendant. | Case No.  2:22-mj-533-DJA<br><br>**ORDER** |

Based on the pending Stipulation of counsel, and good cause appearing therefore, the Court finds that:

1. This is the first continuance request.
2. The parties are currently working towards negotiations to resolve the matter.
3. The defense will need additional time to complete discovery review.
4. The defendant is out of custody and does not object to this continuance.
5. Denial of this request for continuance would deny counsel for defendant sufficient time to be able to effectively and thoroughly prepare for trial, taking into account the exercise of due diligence.
6. Additionally, denial of this request for continuance could result in a miscarriage of justice.
7. The Speedy Trial Act does not apply to petty offenses. *Compare* 18 U.S.C. § 3161(a)( "In any case involving a defendant charged with an offense") *with* 18 U.S.C. § 3172(2) (defining "offense" as any federal criminal offense other than, inter alia, a Class B or C misdemeanor or infraction).

3

8. For the above stated reasons, the parties agree that a continuance of the Trial date would best serve the ends of justice in this case.

**CONCLUSIONS OF LAW**

The ends of justice served by granting said continuance outweigh the best interest of the public and the defendant, since the failure to grant said continuance would be likely to result in a miscarriage of justice, would deny the parties herein sufficient time and the opportunity within which to be able to effectively and thoroughly prepare for trial, taking into account the exercise of due diligence.

**ORDER**

IT IS FURTHER ORDERED that the Trial currently scheduled for December 28, 2022, at the hour of 9:00 a.m., be vacated and continued to March 8, 2023, at 9:00 a.m., Courtroom 3A.

DATED this 21st day of December 2022.

_____
DANIEL J. ALBREGTS
United States Magistrate Judge

2